UNITED STATES of America,

v.

Mark CHURCH, Defendant.

Case No. 3:09–cr–00042.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 26, 2010.

---

Nancy Spodick Healey, United States Attorneys Office, Charlottesville, VA, for Plaintiff.

Keith Brian Marcus, Paris Blank LLP, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

NORMAN K. MOON, District Judge.

This matter is before the Court upon the Government's Motion to Seal, dated but not filed February 18, 2010. For the following reasons, the Government's Motion to Seal will be **DENIED** in an Order to follow, without prejudice to amend within **ten (10) days** of the issuance of the Order.

In its Motion to Seal, the Government moves the Court to seal "supplemental information in support of restitution," that has been provided by the victim, through counsel. The document sought to be sealed (hereinafter "Attachment A") is intended to be the first attachment to the Government's Memorandum in Support of Restitution (docket no. 15). The instant Motion to Seal was not filed, although the Government filed a notation that Attachment A to its Memorandum in Support of Restitution was to be filed separately under seal. In support thereof, the Government argues that "the disclosure of the

document would violate the privacy interests of the victim in a child pornography prosecution, and would violate 18 U.S.C. § 3509(d)," and as a result, the Government "requests that the stated documents be placed under seal."

As the Government seeks to file Attachment A pursuant to authority in 18 U.S.C. § 3509(d) rather than pursuant to Standing Order No.2005–3 (Mar. 14, 2005), the Court will address the provisions of said statute. Section 3509(d) provides, in pertinent part, as follows:

> (2) **Filing under seal.**—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—
>
> > (A) the complete paper to be kept under seal; and
> >
> > (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

The Court recognizes that the parties are permitted, pursuant to 18 U.S.C. § 3509(d)(2), to file certain documents under seal without the necessity of obtaining a court order. Having availed itself of this congressionally-mandated exception to the Court's regular and customary power over judicial records and documents [1] does not, however, relieve the Government of the resultant duty to comply with the provisions of that very statute.

■ There is a right of public access to judicial records and documents grounded

---

1. *See e.g., Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 576 (4th Cir.2004) (articulating the required procedure that a district court must follow when presented with a request to seal judicial records or documents); *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir.1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.").

both in common law and in the First Amendment, and irrespective of the particular basis for such right of access in any given case, it "may be abrogated only in unusual circumstances." *Va. Dep't of State Police,* 386 F.3d at 576 (citing *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 182 (4th Cir.1988)). Assuming that cases falling within the ambit of 18 U.S.C. § 3509 constitute such "unusual circumstances," the mere invocation of this statute cannot preclude judicial review as to whether the documents sought to be sealed are actually entitled to be sealed.

At the outset, while the Government has provided the Court with a copy of Attachment A, which is presumably "the complete paper to be kept under seal," 18 U.S.C. § 3509(d)(2)(A), it has not provided the Court with "the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record." 18 U.S.C. § 3509(d)(2)(B). The Court must assume that first attachment to the Government's Memorandum in Support of Restitution (docket no. 15), which merely indicates that "Attachment A" is "Filed As a Separate Document Under Seal," is intended to be the Government's redacted version of the paper placed in the public record.

It is clear that Attachment A is not a single, indivisible document that must either be wholly redacted or wholly available to the public. The "complete paper" is to be kept under seal, and the pertinent inquiry at this point is what portions of such paper "disclose the name of or other information concerning a child," to be redacted for the version of the paper submitted to the Clerk of Court and placed in the public record. The section of Attachment A entitled "Appendix," containing "an excerpt of a letter written by Alexandra Gelber, Assistant Deputy Chief, Child Exploitation and Obscenity Section, United States De-

partment of Justice," that is publicly available on the Department of Justice website, clearly does not satisfy this standard. As it was included "to assist probation and the Court in understanding the nature and scope of child pornography and its ultimate effect on the victim," its relevance is general in nature, and does not relate to the specific victim in this case. Neither do the portions of Attachment A containing restitution orders from the district courts of Florida warrant redaction under 18 U.S.C. § 3509(d). These orders are already in the public record, and while they concern the victim in this case, they identify and refer to her by the pseudonyms "Misty" or "Amy," and contain no other identifying information. It is unclear why the positions of other courts—as reflected in their public pronouncements and orders—on the legal questions of whether a defendant possessing, receiving and/or disseminating child pornography can be ordered to pay restitution to the victim and in what amount, should be sealed and redacted. On the face of these documents, it is clear that pursuant to 18 U.S.C. § 3509(d) their redaction in the version of Attachment A to be placed on the public record is not warranted.

Three sections of Attachment A clearly fall within the purview of 18 U.S.C. § 3509(d): the Victim Impact Statement of Amy, the Childhood Recovery Services Report of Psychological Consultation, and the Smith Economics Group Report to the Marsh Law Firm dated September 15, 2008. All of these documents relate to the specific victim in this case, and all concern the immensely private physical, psychological, and professional effects of the trauma the victim has endured. While certain factual information contained within these documents has already been incorporated into judicial opinions and elsewhere in the public record, the Court agrees with the Government that the disclosure of such

materials would violate the victim's privacy interests and that such documents should be sealed under this statute.

Finally, the last section of Attachment A that the Government seeks to file under seal is a legal memorandum from The Marsh Law Firm P.L.L.C. to the Victim Witness Coordinator in the United States Attorney's Office, which constitutes the victim's request for restitution in the instant case. Without parsing through this document page by page in this Order, the vast majority of this memorandum sets forth the victim's legal argument for restitution and cites general legal and scientific authorities in support thereof that do not concern the victim herself. Section 3509(d)(2)(B) provides that "the paper with the portions of it that disclose the name of or other information concerning a child" are to be "redacted, to be placed in the public record." The Court believes that the Government should be able to, without burden, isolate and redact those portions of the victim's request for restitution containing "the name of or other information concerning" the victim in order to protect her identity and preserve her right to privacy, and thereby comply with the provisions of this statute.

██ The Court recognizes that the decision to seal materials should not be made lightly. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 435 (4th Cir. 2005) (Michael, J., concurring); *Va. Dep't of State Police*, 386 F.3d at 576. Where, as here, the party seeking to file documents under seal pursuant to 18 U.S.C. § 3509(d) has not complied with the provisions of said statute by filing "the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record," the Court must ensure compliance with this procedure.

Therefore, the Government's Motion to Seal will be **DENIED** in an Order to follow, without prejudice to amend within **ten (10) days** of the issuance of the accompanying Order.

It is so **ORDERED.**